**Matthew E. Malmsheimer**, OSB No. 033847
Email: mmalmsheimer@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| **PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,** a labor organization,<br><br>Plaintiff,<br>v.<br><br>**KELAYE CONCRETE, LLC**, an Oregon corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>Action to Compel Arbitration under 29 USC § 185(a) |

## INTRODUCTION

1.   This action is filed by the Pacific Northwest Regional Council of Carpenters (the "Council") under Section 301 of the Labor Management Relations Act, 29 USC § 185(a), to compel the arbitration of disputes with Defendant Kelaye Concrete, LLC arising under a Collective Bargaining Agreement.

/// /// ///

Page 1 – COMPLAINT

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act, 29 U. S. C. § 185(a) and 28 U. S. C. §§ 1331 & 1337.

3.  Venue is proper in the District of Oregon pursuant to 28 U. S. C. § 1391(b)(1) because Defendant Kelaye Concrete, LLC, is the sole defendant in this action and a resident of the State of Oregon.

## PARTIES

4.  Plaintiff Pacific Northwest Regional Council of Carpenters is a labor organization as that term is defined under the Labor Management Relations Act, 29 USC § 152(5) with its headquarters located in Kent, Washington and regional offices located in Portland, Oregon.

5.  Defendant Kelaye Concrete, LLC, ("Kelaye") is an Oregon corporation. At all times material, it was doing business within the State of Washington and it does business within this judicial district. Defendant Kelaye is an employer as that term is defined under the Labor Management Relations Act, 29 § 152(2).

## FACTUAL ALLEGATIONS

6.  On November 1, 2015, Kelaye entered into a project agreement with the Council pertaining to the SR 410/Veterans Drive construction project in Bonney Lake, Washington. Under the terms of that project agreement, Kelaye agreed to bind itself to the Western and Central Washington Master Labor Agreement between the Council and the Associated General Contractors of Washington ("AGC"). That Master Labor Agreement contains a grievance procedure, the final step of which requires arbitration.

7. On or about April 15, 2016, the Council initiated a grievance against Kelaye for its failure to pay wages due to a number of the Council's members who worked for Kelaye on the SR 410/Veterans Memorial Drive project.

8. Subsequently, on or about May 23, 2016, the Council initiated a second grievance on behalf of two other members who had not been paid by Kelaye on the SR 410/Veterans Memorial Drive project.

9. Because none of those grievances were resolved at Step One, in accordance with the Western Washington Master Labor Agreement the Council skipped Step Two and advanced the grievances directly to Step Three, which requires mediation.

10. On or about April 22, 2016, the Council requested a mediator from the Federal Mediation and Conciliation Service ("FMCS") as required by the grievance procedure of the Western Washington AGC Master Labor Agreement. FMCS assigned Commissioner Jennifer Nitschke as the mediator for the grievances.

11. On or about May 5, 2016, the Council consolidated the grievances with Commissioner Nitschke.

12. On or about May 9, 2016, Kelaye notified the Commissioner Nitschke that it did not wish to proceed with mediation. The Council notified Kelaye that this constituted a refusal to mediate, and accordingly advanced the grievance process to Step Four which requires arbitration.

13. On or about May 13, 2016 the Council requested a list of seven arbitrators from

the FMCS as required by the grievance procedure of the Western Washington AGC Master Labor Agreement.

14. On or about May 17, 2016, FMCS provided to Council and Kelaye the requested list of arbitrators. That same day, the Council struck its first arbitrator as required by the grievance procedure of the Western Washington AGC Master Labor Agreement and notified Kelaye of its choice. Kelaye refused to respond to that strike as required by the grievance procedure of the Western Washington AGC Master Labor Agreement.

15. On or about May 18, 2016, the Council sent a letter to Kelaye notifying it that its failure to strike its first arbitrator constituted a violation of its duties of good faith bargaining and that if Kelaye continued to refuse to participate in the arbitration provisions, the Council would be forced to compel arbitration in accordance with the LMRA § 301. Kelaye did not respond to that letter.

16. On or about May 19, 2016, the Council sent a final demand to Kelaye that it engage in the arbitration process. The Council notified Kelaye that if the parties were unable to complete the selection of an arbitrator by the close of business on Monday, May 23, 2016, it would take that as Kelaye's final refusal to arbitrate the grievances. As with the previous letters, Kelaye never responded.

17. Kelaye has failed to state any legal or factual grounds for its refusal to engage in ' the arbitration process or otherwise resolve the current grievances. Accordingly, the Council is entitled to its attorney fees incurred as a result of Kelaye's refusal and the subsequent necessity of brining this action.

18.     By refusing to submit this dispute to arbitration, Kelaye has breached its duty to the Council under the AGC Master Labor Agreement for Western Washington.

## **CLAIMS FOR RELIEF**

19.     The Council realleges and incorporates by reference all of the foregoing allegations and in addition alleges the following.

20.     Kelaye's refusal to submit this case to arbitration is a violation of the parties Collective Bargaining Agreement.

21.     In accordance with Section 301 of the Labor Management Relations Act, 29 USC § 185(a), this Court is authorized to and should compel Kelaye to submit these grievances to arbitration.

/// /// ///

## PRAYER FOR RELIEF

The Council respectfully requests for judgment in its favor and against Defendant Kelaye as follows:

1. For an order directing Defendant Kelaye to submit the above referenced grievances to arbitration;

2. For an order awarding the Council its reasonable attorney fees and costs incurred in its efforts to bring this matter to arbitration including but not limited to the fees and costs in bringing this action; and

3. For such other and further relief as this Court deems proper and just under the circumstances.

DATED this 24th day of May, 2016.

HAGLUND KELLEY LLP

By: /s/ Matthew E. Malmsheimer
Matthew E. Malmsheimer, OSB No.033847
Attorney for Plaintiff